# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**Ward Brehm**,

    Plaintiff,

v.

**Pete Marocco,** *et al.*,

    Defendants.

**Civil Case No. 25-cv-660**

## PLAINTIFFS' MOTION FOR AN IMMEDIATE ADMINISTRATIVE STAY AND FOR A TEMPORARY RESTRAINING ORDER

Under Local Civil Rule 65.1(a), Plaintiff Ward Brehm, in his individual capacity and his official capacity as President of the United States African Development Foundation (USADF), hereby moves for a temporary restraining order, **and an immediate administrative stay, for the reasons explained below**, enjoining the Defendants from taking any action inconsistent with the authority he holds in that position. In particular, Plaintiff seeks a temporary restraining order ordering: (1) that he may not be removed from his office as President of USADF, or in any way be treated as having been removed, denied or obstructed in accessing any of the benefits or resources of his office, or otherwise be obstructed from his ability to carry out his duties, absent a decision by the lawfully-constituted Board of USADF to remove him from that office; (2) that the Defendants may not appoint Pete Marocco or any other

person as an acting member of the Board of USADF, may not appoint Pete Marocco or any other person as President of USADF in place of Plaintiff, or otherwise recognize any other person as a member of the Board of USADF absent Senate confirmation or as President of USADF absent appointment by a lawfully-constituted Board; and (3) that any actions taken or contemplated to be taken by Defendant Pete Marocco, any other Defendant, or any other person acting in concert with the Defendants purportedly as a member of the Board of USADF, absent Senate confirmation, are void ab initio and without effect.

As set forth in more detail in the accompanying brief, Defendant Pete Marocco's purported appointment as acting chair of the Board of USADF violates the African Development Foundation Act, the Federal Vacancies Reform Act, and the Appointments Clause of the United States Constitution. Plaintiff will suffer irreparable injury if Defendant Pete Marocco's purported appointment is permitted to take effect.

A temporary restraining order **and an immediate administrative stay** are necessary because counsel for Plaintiff have learned that, while they were beginning the consultations with counsel for the Defendants described below, representatives of the Defendants have arrived at the headquarters of USADF in an attempt to gain control of the office's computer systems and human resources files, and those representatives are currently continuing to

attempt to do so despite counsel for Plaintiff's attempts to confer with counsel for Defendants.

Under Local Civil Rule 65.1(a), at 12:08 p.m. on March 6, 2025, counsel for Plaintiff emailed the three Directors for the Federal Programs Branch of the Department of Justice to provide actual notice that Plaintiff was filing a complaint and motion for temporary restraining order in this action, and to request that the Defendants agree not to take action inconsistent with the requested relief. At 1:30 p.m., the Federal Programs Branch responded that Brian Hudak of the United States Attorney's Office would be the point of contact, and at 2:02 p.m., Mr. Hudak responded that John Bardo (john.bardo@usdoj.gov) had been assigned to the matter, but that the Defendants did not yet have a position on the requested relief. At 2:13 p.m., counsel for the Plaintiff informed counsel for the Defendants that immediate relief was necessary and requested that counsel for the Defendants immediately instruct their client not to take action inconsistent with the relief requested in this motion. Counsel for the Plaintiff has provided Mr. Bardo with electronic copies of the complaint, motion for temporary restraining order, and accompanying brief, declarations, and proposed order via e-mail before completing this electronic filing.

March 6, 2025                                      Respectfully submitted,

                                         */s/Bradley Girard*
                                         Bradley Girard (DC Bar No. 1033743)
                                         Joel McElvain (DC Bar No. 448431)*
                                         Robin F. Thurston (DC Bar No. 1531399)
                                         Skye Perryman (DC Bar No. 984573)
                                         Democracy Forward Foundation
                                         P.O. Box 34553
                                         Washington, DC 20043
                                         (202) 448-9090
                                         bgirard@democracyforward.org
                                         jmcelvain@democracyforward.org
                                         rthurston@democracyforward.org
                                         sperryman@democracyforward.org

                                         *motion to appear pro hac vice
                                         forthcoming

                                         *Counsel for Plaintiffs*