# EXHIBIT D

## AMENDED AND RESTATED BYLAWS

### OF

## AFRICAN DEVELOPMENT FOUNDATION

### ARTICLE I

*Authority*

Section 1.01    Statutory Authority.  These amended and restated Bylaws of the African Development Foundation (the "Foundation") have been adopted as the bylaws of the Foundation (the "Bylaws") by the Board of Directors (the "Board") pursuant to the authority conferred on the Board by an Act of Congress, The African Development Foundation Act, US Code Title 22, Chapter 7, Section 290h (the "ADF Act").  All powers, authority and responsibilities provided for in these Bylaws, whether or not explicitly so qualified, are qualified by the provisions of the ADF Act and other applicable laws and regulations and shall be interpreted in a manner that is consistent with the ADF Act and other applicable laws and regulations.

### ARTICLE II

*Offices*

Section 2.01    Location.  The principal office of the Foundation shall be located in the United States.  The Foundation may establish such branch offices in Africa as may be necessary to carry out its functions.

*Board of Directors*

(a)    General Powers.  The management of the Foundation shall be vested in the Board.  All powers of the Foundation shall be exercised by or under the authority of the Board, and the activities and the affairs of the Foundation shall be managed by or under the direction, and subject to the oversight, of the Board.

Section 3.02    Composition and Appointment.

(a)    The Board shall be composed of seven directors appointed by the President of the United States, by and with the advice and consent of the Senate.  Five Directors shall be appointed from private life.  Two Directors shall be appointed from among officers and employees of agencies of the United States concerned with African affairs.  No more than four Directors shall be members of any one political party.

(b)    Any vacancy in the Board, occurring by reason of death, resignation, retirement, disqualification, or removal of a Director, shall be filled by the President of the United States.

Section 3.03    Term of Office.  Directors shall be appointed for terms of six years.  A Director appointed to fill a vacancy before the expiration of the term of such Director's predecessor shall be appointed to fill the remainder of the term of such Director's predecessor. Upon the expiration of his or her term a member shall continue to serve until a successor is appointed and shall have qualified.

Section 3.04    Meetings.

(a)    Regular Meetings.  Regular meetings of the Board shall be held on such date and at such time as shall be fixed from time to time pursuant to a resolution of the Board. Regular meetings of the Board shall be held in Washington, D.C. unless otherwise determined by

the Board or specified in a notice of the regular meeting.  The Board shall have at least four regular meetings each year.

(b)    <u>Special Meetings</u>.  Special meetings of the Board may be held at such times and at such places whenever called by the Board, by the Chair, or by the Secretary upon the written direction of three Directors, with special meetings of the Board being held in Washington, D.C. unless otherwise specified in the notice of the special meeting.

(c)    <u>Notice of Meetings</u>.  Written notice of each meeting of the Board shall state the date, place and hour of the meeting and shall be delivered to each Director by (i) first class mail at least ten (10) days before the date on which the meeting is to be held, or (ii) telecopy or facsimile or electronic transmission, in each case at least seven (7) days before the date on which the meeting is to be held.  In each case, notice shall be sent or delivered to the Director's residence or usual place of business as recorded in the Foundation's records.

(d)    <u>Waiver of Notice</u>.  Notice of a meeting of the Board need not be given to any Director entitled to such notice who submits a signed, written waiver of notice before or after the date and time stated in such notice.  A Director's attendance at or participation in a meeting waives any required notice to him or her of such meeting, unless at the beginning of such meeting or promptly upon his or her arrival, such Director objects to holding the meeting or transacting business at the meeting, and does not thereafter vote for or assent to action taken at the meeting.

(e)    <u>Quorum of Directors and Action by the Board</u>.  A majority of the Directors holding office shall constitute a quorum for the transaction of business.  Except as otherwise provided in these Bylaws, the act of a majority of the Directors present at a meeting at which a quorum is present shall constitute the action of the Board.

(f)    <u>Conflicts of Interest</u>.  No director shall participate in the deliberation upon, or the determination of, any matter with respect to which he or she has a conflict of interest. Whenever a Director has an existing or potential interest which impairs or might appear to impair his or her independent judgment with respect to a matter before the Board, such Director shall disclose such interest to the Chair, Vice Chair or other presiding officer, and appropriate ethics official.

If it is determined that such Director has a conflict of interest under the Ethics in Government Act of 1978, as amended, and all other applicable federal laws and regulations, or under such rules as the Board may establish consistent with applicable federal laws and regulations, such Director shall not participate in any deliberations of the Board concerning the matter with respect to which he or she has a conflict and shall not vote on such matter.

A Director who does not participate in deliberations and voting on a matter because of a conflict of interest or apparent conflict of interest shall be counted for purposes of a quorum.  A majority of the Directors present and voting shall be sufficient to constitute Board action on any question on which one or more Directors shall have disqualified himself or herself by reason of a conflict of interest.

Section 3.05    <u>Action Without a Meeting; Meetings by Conference Telephone</u>.

(a)    Except as otherwise restricted by the Sunshine in Government Act, the ADF Act, these Bylaws, or other applicable law, any action required or permitted to be taken at a meeting of the Board may be taken by circulation of papers and voting on the circulated papers. The written consents thereto by the Directors shall be filed with the minutes of the Board.

Action taken under this Section 3.05(a) becomes effective when a majority of the Directors holding office has signed the consent, unless the consent specifies a different effective

date, in which event the action taken is effective as of the date specified therein, provided, the consent states the date of execution by each Director.  Such consent shall have the same force and effect as a vote taken in a meeting.

(b)    Except as otherwise restricted by the Sunshine in Government Act, the ADF Act, these Bylaws, or other applicable laws and regulations, the Board may participate in a regular or special meeting of the Board or of a committee thereof by means of a telephone conference or by any means of communication by which all Directors participating may hear one another during the meeting.  A Director participating in a meeting by this means is deemed to be present in person at the meeting.

Section 3.06    Proxies.  Voting by proxy is not allowed at any meeting of the Board or of any committee designated by the Board.

Section 3.07    Representatives of Government Officials.  A Director who is an official or employee of an agency of the United States and must be absent from a meeting of the Board may appoint a representative to attend such meeting on his or her behalf. Such representative must be such Director's immediate deputy or another senior staff officer responsible for Foundation matters.  The representative of the absent Director may participate in the proceedings of the Board but shall neither vote nor be counted for purposes of a quorum. Such representative may ask the Chair of the Board to place before the Board a motion to postpone a vote on a matter of particular interest to his or her principal.

Section 3.08    Compensation and Expenses.  The Directors of the Foundation, including officers, shall serve without compensation for services rendered by them in their capacity as Directors.  Directors may be reimbursed for actual and necessary expenses not

exceeding $100 per day, and for transportation expenses, while engaged in their duties on behalf of the Foundation.

## ARTICLE IV

### *Committees*

Section 4.01    Committees; Authority.  The Chair, or Board by resolution, may designate one or more committees.  The Chair shall appoint two or more Directors to serve on each Committee and shall designate a Chair and Vice Chair of each Committee from among the Committee's members.  Any such committee may make recommendations to the Board requiring Board action.  No such committee shall have or  exercise the powers and authority of the Board.

## ARTICLE V

### *Advisory Council*

Section 5.01    Establishment of Advisory Council.  The Board shall appoint an advisory council composed of individuals knowledgeable about development activities in Africa which shall be named the U.S. African Development Foundation Advisory Council (the "Advisory Council").

Section 5.02    Frequency of Consultation.  The Board shall consult the Advisory Council concerning the objectives and activities of the Foundation at least annually.  The Advisory Council shall be advisory only and shall have no power or authority to act on behalf of the Board or the Foundation, but shall provide such advice and assistance to the Board or such other constituency within the Foundation, and have such other purposes, powers and responsibilities as may be designated by the Board by resolution or in a charter of the advisory council adopted by the Board.

Section 5.03    Compensation.  Members of the Advisory Council shall receive no compensation for their services but may be allowed travel and other expenses, in accordance with section 5703 of title 5, which are incurred by them in the performance of their duties for the Foundation.

## ARTICLE VI

### Officers, Agents and Employees

Section 6.01    Chair of the Board.  The President of the United States shall designate one person to serve as Chair of the Board.  When present, the Chair shall preside at meetings of the Board.

Section 6.02    Vice Chair of the Board.  The President of the United States shall designate one person to serve as Vice Chair of the Board.  The Vice Chair shall preside at meetings of the Board in the absence of the Chair.

Section 6.03    President.

(a)    The Board shall appoint a president of the Foundation on such terms as the Board may determine.  The Board shall set the president's compensation, provided that such compensation, shall not exceed that provided for level IV of the Executive Schedule under section 5315 of title 5.

(b)    The President shall be the chief executive officer of the Foundation and shall report directly to the Board.  The President shall have overall responsibility and authority for the conduct of the business and affairs of the Foundation, subject to the authority and oversight of the Board.  Unless otherwise provided by these Bylaws or applicable law, when statutes or regulations provide for the exercise of functions by the head of the agency, such functions shall be exercised by the President.  The President shall represent the Foundation

generally in its relations with the Congress of the United States, with agencies and departments of the Government, and with all others having business wit the Foundation.  The President may re-delegate all or any part of his authority, including authority to obligate the Foundation.  The President shall exercise such other powers, authority and responsibilities as the Board may from time to time determine by resolution, and shall ensure that all orders and resolutions of the Board are implemented. Accordingly, the Board delegates to the President all such authority as is necessary and appropriate to manage the business and affairs of the Foundation in accordance with the strategic plan, annual plan, and policies and directives adopted and approved by the Board and subject to oversight by the Board.  The Board reserves to itself the authority to revoke or modify any such delegation at any time and from time to time.

Section 6.04    Secretary.  The Chair shall appoint a Secretary, who shall be responsible for preparing and maintaining custody of the minutes of the meetings of the Board, and for authenticating records of the Foundation, shall give or cause to be given all notices in accordance with these Bylaws or as required by law, and, in general, shall perform all duties customary to the office of Secretary or as may be determined from time to time by the Board.

Section 6.05    Experts and Consultants.  The Board may employ experts and consultants as authorized by section 3109 of title 5.

## ARTICLE VII

### *Miscellaneous*

Section 7.01    Board Resolutions and Policies.  The Board may from time to time adopt policies of the Foundation.  These policies shall be part of the overall Corporate Policies and Regulations.  The policies shall be set forth in Board resolutions or such other policy document and the official version shall be kept in the custody of the Secretary.

Section 7.02     Management and Policies and Regulations.

(a)     The Board delegates to the President, or his or her designee, the authority to promulgate subordinate written directives, policies and regulations of the Foundation not inconsistent with any resolution or policy of the Board.  These Management Policies and Regulations shall be part of the overall Corporate Policies and Regulations.

(b)     The Board delegates to the President, or his or her designee, the authority to develop processes and procedures to enforce Management Policies and Regulations and secure compliance with said policies and to take any remedial or corrective action deemed appropriate and not inconsistent with any other action, resolution or policy of the Board.

(c)     The Board delegates to the President authority to approve and obligate the Foundation's funds up to $250,000 for grants, loans, and loan guarantees to further the purposes of the Foundation as stated in the ADF Act and to approve and obligate the Foundation's funds for the procurement of goods or services up to such amount as the Board may determine by resolution.

Section 7.03     Books and Records to be Kept.  The Foundation shall keep at its principal office, correct and complete books and records of account, the activities and transactions of the Foundation, the minutes of the proceedings of the Board and the current list of Directors of the Foundation, the mailing address, telephone number, facsimile number, and email address at which each Director has directed that notices from the Foundation shall be sent.  Any of the books, minutes and records of the Foundation may be in written form or in any other form capable of being converted into written form within a reasonable time.

Section 7.04     Fiscal Year.  The fiscal year of the Foundation shall commence on October 1 and end on September 30.

Section 7.05   Seal.  The Board may adopt, alter, and use a seal, which shall be judicially noticed.

## ARTICLE VIII

### *Amendments*

Section 8.01   The Bylaws of the Foundation may be adopted, amended, or repealed at any special or regular meeting of the Board by the affirmative vote of four or more Directors, provided that notice containing the general effect and intent of the proposed amendments has been given to all Directors at least ten (10) days prior to such meeting.