UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARD BREHM,<br><br>  Plaintiff,<br><br>  v.<br><br>PETE MAROCCO, Acting Deputy Administrator for Policy and Planning and for Management and Resources for USAID, et al.,<br><br>  Defendants. | Civil Action No. 25-0660 (RJL) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants, by and through the undersigned counsel, respectfully submits this notice of supplemental authority.

Plaintiff Ward Brehm's assertion of irreparable harm is primarily based on an alleged deprivation of his "statutory right to function" as president of the U.S. Africa Development Foundation (the "Foundation"). Yesterday, the D.C. Circuit rejected an identical argument in *Dellinger v. Bessent*, No. 25-5052 (D.C. Cir. Mar. 10, 2025), slip op. at 8, a case challenging President Donald Trump's decision to remove Hampton Dellinger as Director of the Office of Special Counsel. The D.C. Circuit held that Dellinger had not demonstrated irreparable harm based on his statutory rights to function as the Director, even "[a]ssuming he is correct that his removal is statutorily ultra vires, and assuming that his removal constitutes a cognizable injury." *Id*. at 8. The Court elaborated that at worst, the harm to Dellinger would be that he "would remain out of office for a short period of time." *Id*. In contrast, "potential injury to the government of both having its designated Acting Special Counsel sidelined and unable to act while also having to try and unravel Dellinger's actions is substantial." *Id*.

The same logic applies here. Brehm has failed to demonstrate irreparable harm because even if he prevails on the merits, the extent of the harm he experiences will be his "short period of time out of office." By contrast, granting a temporary restraining order here will cause significant harm to the government by preventing implementation of the President's directive to "reduce the performance of [the Foundation's] statutory functions and associated personnel to the minimum presence and function required by law." Exec. Order No. 14,217, 90 Fed. Reg. 10577 (Feb. 25, 2025).

Defendants attach a copy of the D.C. Circuit's ruling in *Dellinger* hereto for the Court's convenience.

| | |
|---|---|
| Dated: March 11, 2025<br>Washington, DC | Respectfully submitted,<br><br>EDWARD R. MARTIN, JR., D.C. Bar #481866<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By: _____*/s/ John J. Bardo*_____<br>JOHN J. BARDO, D.C. Bar #1655534<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 870-6770<br><br>*Attorneys for the United States of America* |