**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Ward Brehm**,

    Plaintiff,

**v.**

**Pete Marocco,** *et al.*,

    Defendants.

**Civil Case No. 25-cv-660**

**RESPONSE TO DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY**

Defendants read too much into *Dellinger*. The bulk of the D.C. Circuit's opinion addressed the significant power of the Special Counsel, a principal officer with broad investigative and enforcement authority. *See* Slip Op. 3-5. Defendants have not argued that Brehm is a principal officer. And as Brehm has already shown, he is not. Pl.'s Mem. at 18-19.

Turning to injury, the Court held that whether removal from office is an irreparable injury "is dependent upon the circumstances of the particular case." Slip Op. 7 (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)). Finding that Dellinger would not suffer irreparable injury, the Court reasoned that, at worst, Dellinger "would remain out of office for a short period of time." *Id.* The Court contrasted that injury to the government's injury: the sidelining of the Acting Special Counsel—again, a principal officer who wields significant executive power. *Id.* 6-7.

1

Here, as already explained, Brehm would not simply "remain out of office for a short period of time." *Id.* Defendants have made clear that Brehm effectively will have no office to return to—if Defendants have their way, even if Brehm prevails, it would be "virtually impossible" for USADF to restart its work. Ex. H, Supp. Feleke Decl., ¶ 24; *see also, e.g.*, Brett Murphy (@BrettMmurphy) X (March 11, 2025 11:40am) https://perma.cc/A5SW-HCBQ (ProPublica reporting that USAID staff have been directed to deal with classified and personnel records by shredding "as many documents first, and reserve the burn bags for when the shredder becomes unavailable or needs a break"). Defendants, on the other hand, will not be forced to sideline any properly appointed acting principal officer nor deal with the fallout of the actions of a principal officer who wields extensive power. Instead, they will simply be directed to follow the host of laws (both statutory and constitutional) that they are dead set on ignoring. And if Defendants ultimately prevail, they can navigate the requirements of the Executive Order and Congress's $45 million appropriation at that time.

March 11, 2025                                    Respectfully submitted,

                                                  */s/ Bradley Girard*
                                                  Bradley Girard (DC Bar No. 1033743)
                                                  Joel McElvain (DC Bar No. 448431)
                                                  Orlando Economos*
                                                  Robin F. Thurston (DC Bar No. 1531399)
                                                  Skye Perryman (DC Bar No. 984573)
                                                  Democracy Forward Foundation
                                                  P.O. Box 34553
                                                  Washington, DC 20043
                                                  (202) 448-9090
                                                  bgirard@democracyforward.org

jmcelvain@democracyforward.org
oeconomos@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*motion to appear *pro hac vice* forthcoming

*Counsel for Plaintiff*