IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Ward Brehm**,

       Plaintiff,

v.

**Pete Marocco,** *et al.*,

       Defendants.

**Civil Case No. 25-cv-660**

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

Under Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h), Plaintiff respectfully submits this response to Defendants' statement of material facts as to which there is no genuine dispute (ECF No. 31-1):

    **1.** Plaintiff Ward Brehm was appointed to the Foundation's Board in 2008 by then-President George W. Bush. Brehm Decl. (ECF No. 7-2) ¶ 4.

**Response**: Undisputed.

    **2.** Brehm remained on the Board until February 24, 2025, when President Trump removed him from his position on the Board. Brehm Decl. (ECF No. 7-2) ¶ 9; *see also* Email to Brehm (ECF No. 10-1 at 8).

**Response**: Undisputed that Ward Brehm remained on the Board until February 24, 2025. Brehm does not concede that he has lawfully been removed from the Board of the United States African Development Foundation (USADF), but does not dispute that point for purposes of this case.

1

3. That same day, President Trump also removed additional Board members: Carol Moseley Braun, Morgan Davis, and John Leslie. Emails to Moseley Braun, Davis and Leslie (ECF No. 10-1 at 1-6).

**Response:** Disputed. Defendants have not provided competent evidence that President Trump has directed the removal of these Board members, or that express notice of any such removal has been provided to these Board members. None of these Board members have received notice of their purported removal from their positions. Ex. B, Feleke Decl. ¶ 21; Ex. C, Leslie Decl. ¶ 11; Ex. M, Moseley Braun Decl. ¶ 4; Ex. N, Agwunobi Decl. ¶ 4; Ex. O, Davis Decl. ¶ 4.

4. Two days later, President Trump removed the remaining Board member, John Agwunobi. Email to Agwuobi (ECF No. 10-1 at 10).

**Response:** Disputed. Defendants have not provided competent evidence that President Trump has directed the removal of these Board members, or that express notice of any such removal has been provided to these Board members. None of these Board members have received notice of their purported removal from their positions. Ex. B, Feleke Decl. ¶ 21; Ex. C, Leslie Decl. ¶ 11; Ex. M, Moseley Braun Decl. ¶ 4; Ex. N, Agwunobi Decl. ¶ 4; Ex. O, Davis Decl. ¶ 4.

5. All of the removals were "effective immediately." Emails (ECF No. 10-1).

**Response:** Disputed. Defendants have not provided competent evidence that President Trump has directed the removal of these Board members, or that express notice of any such removal has been provided to these Board members. None of these Board members have received notice of their purported removal from their positions. Ex. B, Feleke Decl. ¶ 21; Ex. C, Leslie Decl. ¶ 11; Ex. M, Moseley Braun Decl. ¶ 4; Ex. N, Agwunobi Decl. ¶ 4; Ex. O, Davis Decl. ¶ 4.

6. On February 28, 2025, with the Foundation lacking a Board and a president, President Trump designated Pete Marocco as the acting Chairman of the Board, and the only Board member. Ex. 1, Marocco Decl. ¶ 5.

**Response:** Undisputed that on February 28, 2025, Matthieu Zahui received an email from the Presidential Personnel Office stating that Peter Marocco had been appointed as "Acting Board Chair of the Foundation," but disputed that USADF lacked a Board or President, or that Defendants had any authority to name an acting member of the Board of USADF. Four members of USADF's Board remained in their positions at all times relevant to this case. Ex. B, Feleke Decl. ¶ 21; Ex. C, Leslie Decl. ¶ 11; Ex. M, Moseley Braun Decl. ¶ 4; Ex. N, Agwunobi Decl. ¶ 4; Ex. O, Davis Decl. ¶ 4.

7. That same day, Mathieu Zahui, the Foundation's Chief Financial Officer "shared an email that he received from [the Presidential Personnel Office] asserting that, because [the Foundation] was 'Board-less,' Peter Marocco had been appointed as Acting Board Chair of the Foundation." Feleke Decl. ¶ 27 (ECF No. 20-4).

**Response:** Undisputed that on February 28, 2025, Matthieu Zahui received an email from the Presidential Personnel Office stating that Peter Marocco had been appointed as "Acting Board Chair of the Foundation," but disputed that USADF lacked a Board or President, or that Defendants had any authority to name an acting member of the Board of USADF. Four members of USADF's Board remained in their positions at all times relevant to this case. Ex. B, Feleke Decl. ¶ 21; Ex. C, Leslie Decl. ¶ 11; Ex. M, Moseley Braun Decl. ¶ 4; Ex. N, Agwunobi Decl. ¶ 4; Ex. O, Davis Decl. ¶ 4.

8. Zahui and Elisabeth Feleke, the Foundation's Chief Program Officer then consulted with the Board, and after consulting the Board, Zahui responded to the email from the Personnel Office stating "because under [the Foundation's]

3

statute, a board nomination requires Senate confirmation, [the Foundation] could not recognize Marocco's authority as [Foundation] board chair." Feleke Decl. ¶ 27 (ECF No. 20-4)

**Response:** Undisputed.

9. Even though they had been removed from their Board positions, the former Board members convened on March 3, 2025, and elected Brehm as president of the Foundation. Brehm Decl. ¶ 11 (ECF No. 20-3).

**Response:** Undisputed that the lawfully-constituted Board of USADF appointed Ward Brehm as president of the Foundation on March 3, 2025, but disputed that the members of the Board had been removed from their positions. Four members of USADF's Board remained in their positions at all times relevant to this case. Ex. B, Feleke Decl. ¶ 21; Ex. C, Leslie Decl. ¶ 11; Ex. M, Moseley Braun Decl. ¶ 4; Ex. N, Agwunobi Decl. ¶ 4; Ex. O, Davis Decl. ¶ 4.

10. The following day, Brehm received an email from Nate Cavanaugh, a General Services Administration employee temporarily detailed to the Foundation, Ex. 1, Marocco Decl. ¶ 7, informing Brehm that President Trump had designated Marocco as the acting Chairman of the Foundation Board. Brehm Decl. ¶ 12 (ECF No. 20-3).

**Response:** Undisputed that Ward Brehm received an email on March 4, 2025, from Nate Cavanaugh stating that Pete Marocco had been appointed to be the acting Chair of the Board of USADF, but disputed that any such appointment could have legal effect.

11. On March 6, 2025, Marocco held a Foundation Board meeting where he voted to terminate Brehm as president of the Foundation and appointed himself as president of the Foundation. Ex. 1, Marocco Decl. ¶ 6.

**Response:** Undisputed that Pete Marocco purported to hold a meeting of the members of the USADF Board, consisting only of himself, and at that meeting he purported to exercise the authority of the Board to terminate Ward Brehm from his

4

position as President of USADF and to appoint himself to the same position, but disputed that Pete Marocco had the authority to conduct such a meeting or take such actions. Four members of USADF's Board remained in their positions at all times relevant to this case. Ex. B, Feleke Decl. ¶ 21; Ex. C, Leslie Decl. ¶ 11; Ex. M, Moseley Braun Decl. ¶ 4; Ex. N, Agwunobi Decl. ¶ 4; Ex. O, Davis Decl. ¶ 4.

12. Marocco placed thirty of the Foundation's thirty-four employees on temporary administrative leave. Ex. 1, Marocco Decl. ¶ 9.

**Response:** Undisputed that Pete Marocco has purported to take such actions in his capacity as an officer of USADF but disputed that any such actions could have legal effect.

13. Marocco has not terminated any employees or taken steps to revoke any Foundation grants or contracts. Ex. 1, Marocco Decl. ¶¶ 10-11.

**Response:** Disputed. Almost three hours before Pete Marocco submitted the declaration referenced in Defendants' statement of material facts, he sent a notice to three USADF employees that they were subject to a Reduction in Force. Ex. P, Suppl. Feleke Decl. ¶ 7. Marocco has likewise taken steps toward canceling USADF contracts and grants. Plaintiff's Exhibit K (ECF No. 20-13), is a March 19 email from the Bureau of the Fiscal Service's Administrative Resource Center (ARC). ARC alerted Brehm that it had been informed that Marocco "intends to commence the termination of select USADF contracts and grants as early as today." *Id.* Just over one hour after Defendants filed Marocco's declaration, at 12:17 a.m. on April 1, 2025, one of the DOGE employees detailed to USADF on Marocco's orders emailed Feleke (cc'ing Pete Marocco, Cavanaugh, and Shaotran) asking if they could "schedule a

5

meeting tomorrow to discuss the outstanding grants? Would also like to schedule a call with your contracting officers to review descoping / cancellations." Ex. P, Suppl. Feleke Dec., ¶ 8.

April 4, 2025

Respectfully submitted,

_/s/Joel McElvain_
Joel McElvain (DC Bar No. 448431)
Bradley Girard (DC Bar No. 1033743)
Orlando Economos (DC Bar No. 90013791)
Robin F. Thurston (DC Bar No. 1531399)
Skye Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmcelvain@democracyforward.org
bgirard@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiff*